UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ECCO USA, INC.,

    Plaintiff,

vs.

Case No. 06-14558
Judge Avern Cohn

CENTRAL FOOTWEAR GROUP, L.L.C.,

    Defendants.

_____/

### MEMORANDUM AND ORDER (1) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (2) ORDER REGARDING SUPPLEMENTAL DOCUMENTS

**I. Introduction**

This is a breach of contract case. Plaintiff, ECCO USA, Inc. (ECCO) is a shoe manufacturer. ECCO sold goods to defendant Central Footwear Group, L.L.C. (Central) on open account. Central is a shoe retailer. ECCO claims that Central has failed to make payments on delivered goods and seeks payment under the acceleration clause of a promissory note signed on July 6, 2004 , and also for post-note sales. In total, ECCO seeks $1,590,563.94.

Before the Court is plaintiff's motion for summary judgment. Central admitted at the motion hearing on June 20, 2007 that it owes ECCO $1,290,563.94. As to the remaining $300,000.00, Central says that ECCO has not provided it with documentary support for the calculation of the amount due, and that it may not have been credited for payments it made and for inventory it returned.

For the reasons stated on the record on June 20, 2007, partial summary judgment

in the amount of $1,290,563.94 is GRANTED to ECCO, and is immediately enforceable.

As to the remaining $300,000.00 in dispute, the parties must provide the Court with the supplemental papers described in Section IV before the Court can render a decision.

**II. Background**

ECCO is a New Hampshire corporation with its principle of business in New Hampshire. Central is a limited liability company that is registered in Oakland County, Michigan. ECCO sold goods to Central on open account. It is not clear when the business relationship began.

On July 6, 2004, Central gave ECCO a promissory note (the note) in which Central agreed, in pertinent part, to "[p]ay ECCO $1,187, 964.03 in 36 monthly installments; and interest on the unpaid principal at 3%." The also note stated that failure to make timely payment would be considered an "Event of Default", and that upon an Event of Default, ECCO may by written notice declare the principle amount plus accrued interest to be immediately due and payable (the acceleration clause). After signing the note, ECCO continued to sell goods to Central on an open account. These sales are referred to as the "post-note" sales.

Central says that in February of 2006, its manager, Stephen Main (Main), met with ECCO's Chief Financial Officer, Moegens Anderson (Anderson), at a shoe convention in Las Vegas, Nevada. Main says that he and Anderson agreed to defer all of Central's payments on outstanding invoices until the parties had concurred in a new, restructured business relationship. Main says that the parties agreed that new orders would be shipped on a cash and delivery basis and that previous orders would be part of the restructuring.

2

ECCO denies that it ever entered into an oral agreement to defer Central's payment and points out the July 6, 2004 note requires that all modifications be made in writing.

In July of 2006, ECCO contacted Central regarding outstanding invoices and demanded immediate repayment. Central says that the parties made payment arrangements and during the next sixty days, it remitted to ECCO approximately $150,000.00 to continue their business relationship.

On September 21, 2006 Main met with ECCO personnel at the ECCO office in Londenderry, New Hampshire. Central says that it entered into a new promissory agreement in which ECCO agreed to allow Central to pay off its total debt of $1,326,499.99 plus interest in monthly installments of $24, 741.77. Central says it gave ECCO the first payment in the form of a check for $24,741.77.

ECCO says that while it and Central did have talks to enter into a new agreement, the acceptance of the new promissory note was conditioned on the approval of ECCO's board of directors. ECCO says that the board of directors did not approve the new promissory note. ECCO also appears to argue that it did not accept the check, as it points out that Central does not claim that ECCO cashed it and did not provide the Court with a cancelled copy of it.

Central says that it never received notification that the Board of Directors rejected the new promissory note.

On September 27, 2006 ECCO sent Central a written notice of default under the July 6, 2004 note. ECCO demanded full payment by October 3, 2006 on the note's balance ($513,732.71), past due invoices ($1,187,964.03), past due accounts receivable (not being sought in the case) and current accounts receivable (not being sought in the case).

3

On September 28, 2006 ECCO sent Central a letter stating that it had discovered that Central was insolvent under U.C.C. §1-201(23) and demanded the immediate return of all goods delivered within the last 10 days. The letter also revoked the credit terms of the purchase orders and stated that ECCO would only make future deliveries for payment in full by cash, certified check, stand-by letter of credit from a national bank, or wire transfer at the time of delivery.

On October 18, 2006 ECCO filed a complaint for:

- the amount due on the note;

- possession of Central's inventory[1];

- money damages for the amount owing for past-due post- note sales plus the amount of additional Post-Note Sales which would subsequently become past-due;

- reclamation of goods delivered while Central was insolvent.[2]

Central did not timely respond to the complaint and on November 15, 2006 the Clerk of the Court entered a default judgment. On December 5, 2006 Central filed a motion to set aside the default judgment.

Also on December 5, 2006, ECCO filed a default judgement application requesting judgment in the amount of $1,593,525.46, which can be broken down as follows:

- $491,690.07 for the July 6, 2004 Note Debt owing as of November 29, 2006;

- $1,001, 241.69 for past-due Post Note Sales as of November 29, 2006;

- $100,243.70 for the final remaining invoices for Post-Note Sales which would become past-due (by being more than 90 days old) as of December 22, 2006; and

---

[1] ECCO is no longer pursuing this claim.

[2] ECCO is not longer pursuing this claim.

4

• $350 fee to file the complaint.

The Court granted Central's set aside motion and directed ECCO to file for summary judgment.

After suit was filed, Central provided to ECCO its accounts payable aging schedule which shows that as of October 27, 2006 it owed ECCO $1,027,420.00.[3]

### III. Arguments

#### A.

Central says there is a factual dispute over several issues which preclude summary judgment. Central says that ECCO cannot enforce the July 6, 2004 promissory note because ECCO agreed in February of 2006 to allow it to defer its payment until they entered into a restructured payment agreement, which they did on September 21, 2006. Central says the September 21, 2006 promissory agreement is controlling now.

ECCO denies that there was ever a deferral period and notes that Central has provided no documentation that there was a deferral period and the July 6, 2004 note requires that amendments be in writing. ECCO also argues that even if there was a deferral period it was only effective between February of 2006 (when the parties met at the Las Vegas convention) until July of 2006 when ECCO demanded repayment of the outstanding obligation.

ECCO also says that the parties did not enter into a new promissory agreement On September 21, 2006 and that the July 6, 2004 note is still effective.

---

[3] It is unclear whether this amount reflects amounts in the note, and post-note sales or just post-note sales.

**B.**

Next, Central says it has not been credited for payments made and returned inventory. ECCO points out that Central provides no documentation of what credits it asserts it is entitled to. Central also says that after it filed for default judgment, re-reviewed its records. ECCO says that after November 29, 2006, it found that Central was entitled to credits for inventory returns in the total amount of $2,611.52 which was deducted from the amount it is seeking.

## IV. Resolution

Whether Central owes ECCO money under the July 6, 2004 promissory note, or under the September 21, 2006 promissory note does not change the outcome of the case. Central has never denied that it is in default on its payments to ECCO, which under either note allows Central to accelerate payment of the total debt. Thus the only issue is the amount Cental owes ECCO beyond the $1,290,563.94 Central admits to owing.

ECCO has not provided the Court with accounting documents to support its assertion of the amount owed as stated in its December 5, 2006 application for default judgment.[4] Therefore, ECCO shall file with the Court within **fifteen (15) days** the documentation supporting its claim that as of November 29, 2006 Central owed it:

- $491,690.07 for the July 6, 2004 Note Debt;
- $1,001, 241.69 for past-due Post Note Sales; and

---

[4] While ECCO has provided affidavits and letters in which the amounts owed are listed, these do not explain how the amount was calculated, and do not include the underlying accounting documents from which the figures were derived.

- $100,243.70 for the final remaining invoices for Post-Note Sales which would become past-due (by being more than 90 days old) as of December 22, 2006.[5]

Central shall then have **fifteen (15) days** in which it may contest ECCO's accounting by filing its documentation showing returned inventory or payments for which it has not been credited.

SO ORDERED.

        s/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: June 29, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 29, 2007, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160

---

[5] $2,611.52 will be subtracted for returned inventory as of November 29, 2006.